UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

-------------------------------------------------x

CHRISTA ARTHUR,

               Plaintiff,

-against-

CORPORATE RECEIVABLES, INC.,

               Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-00202(FB)(CLP)

*Appearances:*
*For the Plaintiff:*
KIVA V. JAMES, ESQ.
Macey & Aleman, P.C.
16 Court Street, Suite 3306
Brooklyn, NY 11241

RICHARD J. MEIER, ESQ.
Macey & Aleman, P.C.
233 South Wacker Drive, Suite 5150
Chicago, IL 60606

**BLOCK, Senior District Judge:**

      On January 15, 2008, plaintiff Christa Arthur ("Arthur") filed a complaint seeking damages for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, and for common-law intrusion upon seclusion, stemming from defendant's alleged improper debt-collection practices. As defendant, after being duly served, failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #8 (Clerk's Entry of Default), Arthur now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

      A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A district court must nevertheless determine

whether the allegations state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."). If they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Arthur alleges that she incurred a consumer debt, and that defendant, a debt collector, engaged in a series of inappropriate acts in an attempt to collect on that debt. Specifically, Arthur alleges that defendant repeatedly made harassing telephone calls to her residence in New York, using profane language on one occasion; that defendant disclosed her debt to her landlord; and that defendant threatened to have her evicted.

These allegations, deemed admitted, are sufficient to establish a violation of the following sections of the Fair Debt Collections Practices Act:

- 15 U.S.C. § 1692c(b) ("Communication with third parties"), which provides that "without the prior consent of the consumer[,] . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.";

- 15 U.S.C. § 1692d ("Harassment or abuse"), which provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt[,]" including "[t]he use of obscene or profane language . . . .";

- 15 U.S.C. § 1692f, which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[,]" including "threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property . . . ."

By contrast, Arthur's complaint does not state a claim for common-law intrusion upon seclusion, as New York "ha[s] no common law of privacy." *Howell v. New York Post Co.*,

2

*Inc.*, 81 N.Y.2d 115, 123 (1993) (citations omitted).

Thus, plaintiff's motion for entry of a default judgment is granted as to her claims pursuant to the Fair Debt Collections Practices Act, and otherwise is denied. The matter is hereby referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.[1]

On the other hand, plaintiff's motion for entry of a default judgment is denied as to her claim for common-law intrusion upon seclusion; while this claim appears to warrant outright dismissal, the Court first offers plaintiff an opportunity to argue otherwise. *See Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) ("[A] district court has the power to dismiss a complaint *sua sponte* for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard." (citations omitted)). Consequently, plaintiff is ordered to show cause within twenty days of the date of this Memorandum and Order why Count Eight of her complaint ("Invasion of Privacy by Intrusion upon Seclusion") should not be dismissed for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6).

**SO ORDERED.**

s/Hon. Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 3, 2008

---

[1] 15 U.S.C. § 1692k(a) provides that any debt collector who fails to comply with the above-cited provisions with respect to a debtor is liable to the debtor for actual damages sustained; "such additional damages as the court may allow[,]" up to $1000; costs and attorney's fees.